IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
<u>BOSTON DIVISION</u>

| | | |
|---|---|---|
| GEOFFREY CROWTHER | : | |
| 119 Massasoit Street | : | |
| Northampton, MA 01060 | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | NO. |
| v. | : | |
| | : | |
| CSX TRANSPORTATION, INC. | : | |
| c/o Corporation Service Company | : | |
| 84 State Street | : | |
| Boston, MA 02109 | : | <u>JURY TRIAL DEMANDED</u> |
| | : | |
| Defendant | : | |

<u>COMPLAINT</u>

1.  The Plaintiff, Geoffrey Crowther, is a competent adult individual whose address is 119 Massasoit Street, Northampton, Massachusetts 01060.

2.  The Defendant, CSX Transportation, Inc. (CSX), is a corporation organized and existing under the laws of the Commonwealth of Virginia, doing business in Boston, Massachusetts, and whose address for service of process is to Corporation Service Company, 84 State Street, Boston, Massachusetts 02109.

3.  This suit is brought pursuant to an Act of Congress known as the Federal Employers' Liability Act (FELA.), Title 45 U.S.C. §§51-60; the Federal Safety Appliance Acts, 45 U.S.C. §§1-16; and the Boiler Inspection Acts, 45 U.S.C. §§22-34.

4.  At all times material hereto, the Defendant, CSX Transportation, Inc., was engaged in interstate commerce in and throughout several states of the United States as a common carrier by rail, and for the purpose hereof did operate locomotives, railroad cars and repair facilities, and transacted substantial business throughout the state of Massachusetts, and other states throughout

the United States.

5. At the time and place hereinafter mentioned, the acts of omission and commission causing injuries to the Plaintiff were done by the Defendant, its agents, servants, workmen and/or employees acting in the course and scope of their employment with and under the direct and exclusive control of the Defendant.

6. At the time and place hereinafter mentioned, the Plaintiff was employed by Defendant railroad and was acting in the course and scope of his employment by Defendant and was engaged in the furtherance of interstate commerce within the meaning of the Federal Employers' Liability Act (FELA).

7. All the property, equipment and operations involved in this occurrence hereinafter referred to were owned and/or under the direct and exclusive control of the Defendant, its agents, servants, workmen and/or employees.

8. On or about September 8, 2005, the Plaintiff, Geoffrey Crowther, while working within the course and scope of his employment with Defendant as a trackman/foreman in or around New Bedford, Massachusetts, was injured due to unsafe and inadequate working conditions.

9. The aforesaid occurrence was proximately caused in whole or in part by the negligence of the Defendant and/or the negligence of the Defendant's employees and/or agents.

10. The Defendant failed to provide the Plaintiff with a safe place to work as required by the Federal Employers' Liability Act (FELA.), Title 45 U.S.C. §§51-60.

11. The Defendant failed to provide Plaintiff with safe working conditions and/or adequate manpower and/or adequate equipment to safely perform his assigned tasks.

12. The Defendant's negligence, in whole or in part, caused Plaintiff's left arm injury.

13. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained a left arm injury / laceration injury to his left forearm.

14. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been unable to attend to his usual duties and occupation, all of which caused substantial lost time, financial loss, and wage loss.

15. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has been required to receive and undergo medical treatment and medical care, has incurred reasonable and necessary medical expenses.

16. As a direct and proximate result of the Defendant's negligence, through its agents, servants, workmen and/or employees, the Plaintiff has sustained pain, suffering, inconvenience and a loss of enjoyment of life.

17. Plaintiff originally filed this FELA action in the Philadelphia County Court of Common Pleas in Philadelphia, Pennsylvania. Pursuant to an Order of the Philadelphia County Court of Common Pleas dismissing the action without prejudice, Plaintiff is permitted to re-file this action in Massachusetts, tolling the Statute of Limitations as of the date of the original filing in the Philadelphia County Court of Common Pleas.

WHEREFORE, the Plaintiff demands judgment against the Defendant, CSX Transportation, Inc., for all damages recoverable under the FELA, together with costs and interest thereon.

Plaintiff demands trial by jury.

|  |  |
|---|---|
|  | LAWSON & WEITZEN, LLP |
| Date: September 3, 2009 | BY: __/s/_ Michael McDevitt_____<br>MICHAEL J. McDEVITT<br>88 Black Falcon Avenue, Suite 345<br>Boston, MA 02210<br>(617) 439-4990<br>Attorney for Plaintiff |

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party via electronic notice on September 3, 2009.
 /s/ Michael McDevitt

LAW OFFICE OF THOMAS J. JOYCE, III

BY: __/s/ Thomas Joyce_____
THOMAS J. JOYCE, III
900 Centerton Road
Mount Laurel, NJ 08054
(856) 914-0220
Attorney for Plaintiff