```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


GEOFFREY CROWTHER,             )
          Plaintiff            )
                               )
     v.                        )    3:09-cv-10334-MAP
                               )    3:09-cv-11467-MAP
CSX TRANSPORTATION, INC.,      )
and                            )
CONSOLIDATED RAIL CORP.        )
          Defendants           )
```

                        SPECIAL VERDICT

                        January 20, 2011

     We, the jury, unanimously respond to the following questions:

I. CLAIMS FOR INJURIES TO PLAINTIFF'S ELBOW AND THUMB.

     A. Statute of Limitations.

     1. Has Plaintiff proved by a preponderance of the evidence that, prior to September 21, 2004, he did not know, and should not reasonably have known, of the injury to his left elbow and the fact that it was caused at least in part by his work on the railroad?



                                    (Yes) or No

Note: If you answered "No" to Question A.1, Plaintiff is not entitled to recover any damages for any injury to his elbow. You should skip any questions below related to that injury.

2. Has Plaintiff proved by a preponderance of the evidence that, prior to September 21, 2004, he did <u>not</u> know, and should <u>not</u> reasonably have known, of the injury to his left thumb and the fact that it was caused at least in part by his work on the railroad?

                                                  (Yes) or No

<u>Note</u>: If you answered "No" to Question A.2, Plaintiff is not entitled to recover any damages for any injury to his thumb. You should skip any questions below related to that injury.

B. <u>Claims Against Defendant CSX</u>.

1. Has Plaintiff proved by a preponderance of the evidence that Defendant CSX was negligent by failing to provide Plaintiff with sufficient manpower to perform his work safely?

                                                  Yes or (No)

<u>Note</u>: If you answered "No" to Question B.1, Plaintiff is not entitled to recover any damages against Defendant CSX for any injury to either his elbow or his thumb.  You should skip any questions below related to CSX's responsibility for either of these injuries.

2. If you answered "Yes" to Question B.1, has Plaintiff proved by a preponderance of the evidence that the negligence of Defendant CSX in failing to provide Plaintiff with sufficient manpower to perform his work safely caused or contributed to, in whole or in part, Plaintiff's injury to his left elbow?

                                                  Yes or No

3. If you answered "Yes" to Question B.1, has Plaintiff proved by a preponderance of the evidence that the

negligence of Defendant CSX Transportation in failing to provide Plaintiff with sufficient manpower to perform his work safely caused or contributed to, in whole or in part, Plaintiff's injury to his left thumb?

_____
Yes or No

C. <u>Claims Against Defendant Conrail</u>.

1. Has Plaintiff proved by a preponderance of the evidence that Defendant Conrail was negligent by failing to provide Plaintiff with sufficient manpower to perform his work safely?

_____
Yes or **(No)**

<u>Note</u>: If you answered "No" to Question C.1, Plaintiff is not entitled to recover any damages against Defendant Conrail for any injury to either his elbow or his thumb. You should skip any questions below related to Conrail's responsibility for either of these injuries.

2. If you answered "Yes" to Question C.1, has Plaintiff proved by a preponderance of the evidence that the negligence of Defendant Conrail in failing to provide Plaintiff with sufficient manpower to perform his work safely caused or contributed to, in whole or in part, Plaintiff's injury to his left elbow?

_____
Yes or No

3. If you answered "Yes" to Question C.1, has Plaintiff proved by a preponderance of the evidence that the negligence of Defendant Conrail in failing to provide Plaintiff with sufficient manpower to perform his work safely caused or contributed to, in whole or in part, Plaintiff's injury to his left thumb?

_____
Yes or No

3

D. <u>Contributory Negligence</u>.

1. If you have found in response to the questions above that either Defendant CSX and/or Defendant Conrail was negligent and that this negligence caused or contributed to, in whole or in part, injury to Plaintiff's elbow and/or thumb, has CSX and/or Conrail proved by a preponderance of the evidence that Plaintiff was himself also negligent?

_____<br>Yes or (No)

Note: If you answered "No" to Question D.1, skip to Section E.

2. If you answered "Yes" to Question D.1, have Defendants CSX and Conrail proved by a preponderance of the evidence that the negligence of Plaintiff caused or contributed to, in whole or in part, Plaintiff's injuries?

_____<br>Yes or No

Note: If you answered "No" to Question D.2, skip to Section E.

3. If you answered "Yes" to Questions D.1 and D.2, what percentage did Plaintiff's negligence contribute to his injuries?

_____%

4. What percentage did the negligence of either defendant contribute to Plaintiff's injuries?

Conrail: _____%<br>CSX: _____%

Note: Your answers to Questions D.3 and D.4, if any, must total 100%.

E. <u>Damages</u>.

1. If you have answered "Yes" to Questions B.2, B.3, C.2, and/or C.3, then what is the amount of monetary damages that will fully and fairly compensate Plaintiff for the injuries to his left elbow and/or his left thumb?

_____ (in words).

_____ (in numerals).

<u>Note</u>: Do not reduce this amount by any percentage found by you in response to Question D.3. Such reduction, if any, will be made by the court.

II. <u>CLAIM FOR INJURY ON SEPTEMBER 8, 2005</u>.

A. <u>Negligence</u>.

1. Has Plaintiff proved by a preponderance of the evidence that Defendant CSX Transportation was negligent by failing to provide Plaintiff with a reasonably safe workplace on September 8, 2005?



Yes or (No) [No circled]

<u>Note</u>: If you answered "No" to Question II.A.1, you have concluded your deliberations, and the foreperson may sign the verdict slip. If you answered "Yes," proceed to Question II.A.2.

2. If you answered "Yes" to Question II.A.1, has Plaintiff proved by a preponderance of the evidence that Defendant CSX Transportation's negligence caused, in whole or part, Plaintiff's injury to his forearm on September 8, 2005?

_____
Yes or No

<u>Note</u>: If you answered "No" to Question II.A.2, you have concluded your deliberations, and the foreperson may sign the verdict slip. If you answered "Yes," proceed to Question II.A.3.

    3. If you answered "Yes" to Questions II.A.1 and II.A.2, has Defendant CSX proved by a preponderance of the evidence that Plaintiff was also negligent on September 8, 2005?

                                         _____
                                         Yes or No

<u>Note</u>: If you answered "No" to Question II.A.3, skip to Section II.B.

    4. If you answered "Yes" to Question II.A.3, has Defendant CSX proved by a preponderance of the evidence that Plaintiff's negligence caused, in whole or part, Plaintiff's injury on September 8, 2005?

                                         _____
                                         Yes or No

<u>Note</u>: If you answered "No" to Question II.A.4, skip to Section II.B.

    5. If you answered "Yes" to Questions II.A.3 and II.A.4, what percentage did Plaintiff's negligence contribute to his injuries?

                                         _____%

    6. What percentage did Defendant CSX's negligence contribute to Plaintiff's injuries?

                                         _____%

<u>Note</u>: Your answers to Questions II.A.5 and II.A.6 must total 100%.

B. <u>Damages</u>.

What is the amount of monetary damages that will fully and fairly compensate Plaintiff for the injuries he suffered on September 8, 2005?

_____ (in words).

_____N/A_____ (in numerals).

<u>Note</u>: Do not reduce this amount by any percentage found by you in response to Question II.A.5.  Such reduction, if any, will be made by the court.

_Charmaine Lunna_      _1/20/2011_
Foreperson            Date

7